IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

PHILLIP RANDELL STAPLES,

                 Plaintiff

VS.

CORPORAL C. MITCHELL, *et al.*,

                 Defendants

NO. 3:06-CV-50 (CDL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is the defendants' Motion for Summary Judgment in the above-styled case. Tab #26. The motion is supported by a number of exhibits and a brief. In response, the plaintiff submitted what he has captioned a "Motion to Quash Defendants Summary Judgment." Tab #34.

The first argument the defendants make in their motion is that plaintiff Staples — an inmate incarcerated at Clark County Jail for all times relevant to this suit — has failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that prisoners wishing to bring suits pursuant to §1983 based on conditions of confinement must exhaust *all* available administrative remedies prior to filing a federal action.[1] While the defendants ask the court to grant summary judgment in their favor on the basis of the PLRA, any dismissal with respect to failure to exhaust administrative remedies must be *without prejudice*. Accordingly, the undersigned will construe the portion of the defendants' motion asking for judgment based on failure to exhaust as praying for *dismissal* of the action.

---

[1] *No action shall be brought with respect to prison conditions under 1983 of this title, or any other Federal law by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.*
42 U.S.C. §1997e(a)

The defendants have provided the court with the affidavit of Alexander J. Burke, which details the grievance procedure at Clarke County Jail and explains exactly what steps plaintiff Staples took towards exhausting the grievance procedures available to him. Tab #26-3. Burke's affidavit demonstrates that Staples did not complete a final appeal of his grievances for any of the claims he brings before the court. Plaintiff Staples' only response to the contentions presented in the defendants' motion and Burke's affidavit comes in his *unsworn* response to the defendants' motion. In his response, the plaintiff submits that he

> *has sent several requests to the classification unit to obtain copies of grievances and dates with no results. The plaintiff has even went as far as filing a grievance to obtain such paperwork. Defendants have blocked all request[s] by throwing the request in the trash and shredding.*

Tab #34 at ¶2.

However, the plaintiff's response is unsworn, and he has therefore provided the court with **NO** evidence that he has exhausted administrative remedies. Because this case is not ripe for review by this court unless *all* administrative remedies have been exhausted, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment be treated as a Motion to Dismiss and be **GRANTED** and that this case be **DISMISSED** *without prejudice*.[2]

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 27th day of AUGUST, 2007.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] If a plaintiff were permitted to show exhaustion of administrative remedies by submitting unsworn documents, as the plaintiff here is attempting to do, the exhaustion requirement of the PLRA would be reduced to a formality and the purposes of that requirement would be thwarted. Such is an incorrect result.